OPINION OF THE COURT
Ralph A. Beisner, J.
On this summary judgment motion, plaintiffs raise a novel issue, one not addressed in any reported decisions. In February 1983, the plaintiffs purchased a 1983 Ford Ranger pickup truck from defendant Johnson Ford. This lawsuit arises out of the difficulties plaintiffs subsequently experienced with that vehicle.
The dispute between plaintiffs and Ford Motor Company was reviewed by the Ford Consumer Appeals Board (see, General Business Law § 198-a [g]). By letter dated June 12, *77 1984, the Board determined that the vehicle should be replaced by Ford Motor Company. General Business Law § 198-a (h) mandates a manufacturer’s compliance with the terms of this arbitration decision, if the consumer áccepts it. Consumers are expressly granted the option to seek rights or remedies available by law.
Plaintiffs elected to bring this action for breach of warranties, negligence, and intentional infliction of emotional distress, seeking, inter alia, incidental and consequential damages. Plaintiffs now move for summary judgment against defendant Ford Motor Company and contend that, by virtue of the determination of the Ford Consumer Appeals Board, they are entitled to judgment as a matter of law with respect to defendant Ford’s liability. They concede that the Board’s determination does not constitute an arbitration agreement, but argue that the settlement offer is equivalent to an admission of liability by defendant Ford that is binding on the defendant in any subsequent legal proceeding.
Plaintiff’s interpretation of the effect that should be given the Board’s decision renders the entire dispute resolution scheme meaningless. Its decision was specifically described as an offer (see, June 12, 1984 letter of Ford Consumer Appeals Board). Although this decision is binding as an offer on Ford Motor Company, if the consumer accepts it, there is no statutory basis for concluding that it conclusively establishes the manufacturer’s liability. The public policy favoring the informal resolution of disputes would be thwarted if the settlement offer proposed by the dispute resolution board was deemed an admission of liability by the manufacturer. What consumer, with the manufacturer’s liability assured, would not forego the proposed settlement offer to seek greater damages in a court of law? The dispute resolution procedure would be reduced to a mechanism whereby a plaintiff can proceed to trial on the issue of damages without establishing liability before a trier of fact.
Once the consumer pursues his remedies in a court of law, he must be put to his proof like any other litigant. Since the submissions raise triable issues of fact with respect to defendant Ford’s liability, plaintiffs’ motion for summary judgment is denied. (CPLR 3212.)